UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID LEE BISHOP,

        Defendant.

_____/

Case No. 1:95-CR-67

Hon. Richard Alan Enslen

**ORDER**

        This matter is before the Court on Defendant David Lee Bishop's Motion for Judicial Notice to Preserve Sentencing Issues under *Booker*, *Shepard*, and *Leocal*, Supreme Court Cases Recently Ruled On.  The Motion asks the Court to preserve issues related to sentencing in order to prevent Defendant from being subject to the one-year statute of limitations set forth in 28 U.S.C. § 2255.

        Section 2255 ¶ 6(3) provides in pertinent part that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

The Supreme Court has interpreted section 2255 ¶ 6(3) to mean that the one-year limitation period based on a right newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted.  *Dodd v. U.S.*, 125 S. Ct. 2478, 2482 (2005).  The Court also made clear that:

> [B]ecause of the interplay between [section 2255] ¶¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.

*Id.*

On October 16, 1996, a jury convicted Defendant of first-degree murder. He was sentenced to life imprisonment on February 3, 1997. The Sixth Circuit Court of Appeals affirmed this decision on July 27, 1998. On March 15, 1999, Defendant filed his first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which was denied on October 12, 1999. Defendant sought a certificate of appealability from the Court of Appeals to file a successive section 2255 motion, which was denied on November 3, 2004. On January 31, 2005, Defendant made another section 2255 motion in this Court which was transferred to the Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court of Appeals dismissed Defendant's second 2255 motion for want of prosecution on April 15, 2005.

The issues Defendant wishes to preserve would necessitate a third section 2255 motion; however, neither *United States v. Booker*, 543 U.S. 220 (2005), *Shepard v. United States*, 544 U.S. 13 (2005), nor *Leocal v. Ashcroft*, 543 U.S. 1 (2004) have been made retroactive by the Supreme Court. Because of the interplay between section 2255 ¶¶ 8(2) and 6(3), there is no need to preserve any issues relating to Defendant's sentence. *Dodd*, 125 S. Ct. at 2482.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant David Lee Bishop's Motion for Judicial Notice to Preserve Sentencing Issues under *Booker*, *Shepard*, and *Leocal*, Supreme Court Cases Recently Ruled On (Dkt. No. 108) is **DENIED.**

Dated in Kalamazoo, MI:           /s/Richard Alan Enslen
February 17, 2006                  Richard Alan Enslen
                                   Senior United States District Judge